Douglas F. Cushnie
P.O. Box 500949
Saipan MP 96950
Telephone: (670) 234-6830
Facsimile: (670) 234-9723
E mail: abogados@pticom.com

Attorney for Plaintiffs

F I L E D
Clerk
District Court

JUN - 6 2007

For The Northern Mariana Islands
By_____
                (Deputy Clerk)

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF ) | CIVIL ACTION NO. 07- |
| ) | CV 07 - 0020 |
| DOUGLAS F. CUSHNIE, ) | |
| a sole proprietorship, and ) | |
| DOUGLAS F. CUSHNIE, ) | |
| individually, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | COMPLAINT |
| ) | |
| BANK OF HAWAII, and ) | |
| MARY ROE and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Comes now the Law Office of Douglas F. Cushnie, and Douglas F. Cushnie, individually, for this their complaint state and allege:

FIRST CAUSE OF ACTION

Count One (Negligence)

1. That this court has jurisdiction of this action pursuant to 28 U.S.C. § 1332; the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

-1-

2. That plaintiff is a law office owned by Douglas F. Cushnie, a sole practitioner, and resident of Saipan, Commonwealth of the Northern Mariana Islands.

3. That defendant Bank of Hawaii (Bank) is a financial institution incorporated in and having its primary place of business in the State of Hawaii, and licensed to conduct a banking business within the Commonwealth of the Northern Mariana Islands.

4. That plaintiff Law Office employed Lucy M. DL Guerrero (Guerrero) as a legal secretary for several years, whose duties included billing clients for services rendered, accounting for fees and costs received, and depositing said fees and costs in bank accounts maintained by plaintiff Law Office in the Bank of Hawaii.

5. That plaintiff Law Office of Douglas F. Cushnie (Law Office), and Douglas F. Cushnie (Cushnie), personally, have maintained bank accounts with the Bank of Hawaii for in excess of ten years.

6. That in the course of establishing and maintaining such accounts the Bank has demanded and been provided multiple signature cards for these various accounts at various times over the years.

7. That Guerrero at various times over at least the past four years has presented checks to the Bank with alternatively the Law Office as payee or Cushnie as payee for legal services rendered to clients.

8. That Guerrero on various occasions, forged the endorsement signature on said checks payable to Law Office or Cushnie, individually, failed to deposit said checks to

Law Firm or Cushnie bank accounts, cashed said checks, receiving the currency therefrom and converted said funds to her own use in excess of Two Hundred Fifty Thousand Dollars ($250,000.00).

9. That said Guerrero is not a signatory on any bank accounts held by plaintiffs, had no authority to endorse or negotiate said checks, nor convert funds to her own use, and the Bank received no authority from Law Office or Cushnie to permit such conduct, said forged endorsement being wholly inoperative as that of the names of Law Office or Cushnie

10. That the Bank failed to contact plaintiffs or make any other inquiry regarding the negotiation of said checks by Guerrero and whether such was authorized by Law Office or Cushnie.

11. That considering the amount of the checks, the issuers of the checks, and the payee, the Bank was negligent in failing to verify whether the transactions of Guerrero were authorized, and the Bank failed to comply with proper banking practice and exercise ordinary care.

12. That the Bank, by either negligently failing to inform Law Office and Cushnie, or deliberately concealing said negotiation of checks by Guerrero, effectively permitted said scheme to operate for approximately three years, it being discovered in September, 2006.

13. That as a direct and proximate result of the conduct of the Bank, as alleged,

Law Office and Cushnie have suffered loss of funds, injury to personal and professional reputation, loss of income and profits, and incurred obligations to pay funds converted by Guerrero in such amounts as may be established at trial.

14. That the conduct of the Bank was grossly negligent without regard to standards of ordinary care and acted in wilful, intentional and deliberate disregard of both its statutory and common law duties, thereby entitling plaintiff to punitive damages in such amounts as may be proved at trial.

Count Two (Conversion)

15. That the allegations contained in Count One are realleged and incorporated herein as if fully set forth.

16. That the Bank converted the funds represented by the checks containing the fraudulent endorsements in violation of 5 CMC § 3419(1)(c), and common law rules barring conversion.

17. That as a result of the conversion of said funds defendant negligently or intentionally inflicted emotional distress on plaintiff

Count Three (UCC/Ordinary Care/Bad Faith)

18. That the allegations of Count One are realleged and incorporated herein as if fully set forth.

19. That the Bank failed to comply with the statutory standards of care set forth in 5 CMC § 4103 et seq., failing to exercise ordinary care and acting in bad faith.

## Count Four (Breach of Contract)

20. That the allegations contained in Counts One and Three are realleged and incorporated herein as if fully set forth.

21. That plaintiff's as depositors and account holders in defendant's bank have a contractual relationship with said bank.

22. That said contractual arrangement requires defendant to act in good faith, and exercise ordinary care in monitoring plaintiff's accounts and preventing checks payable to plaintiff to be paid on forged endorsements.

23. That plaintiff satisfied all contractual arrangements on his part while defendant breached said contract causing plaintiff to suffer the damage alleged herein.

## Count Five (Breach of Fiduciary Duty)

24. That the allegations alleged in Counts One and Four are realleged and incorporated herein as if fully set forth.

25. That as a depositor and account holder with defendant bank, said defendant has a fiduciary obligation to plaintiff, which defendant failed to fulfill by not exercising the highest standard of care in maintaining plaintiff's accounts, permitting checks payable to plaintiff to be negotiated on forged endorsements.

## Count Six (Breach of Federal Regulations)

26. That the allegations contained in counts One and Three are realleged and incorporated herein as if fully set forth.

27. That the Bank is a member of the Federal Deposit Insurance Corporation and the Federal Reserve System of the United States.

28. That the Bank failed to comply with the rules and regulations of those federal institutions and failed to comply with its own internal operating systems, controls, rules and regulations.

Count Seven (Failure To Train and Supervise)

29. That the allegations contained in Counts One and Two and Three are realleged and incorporated herein as if fully set forth.

30. That John Doe and Mary Roe, whose true names are not currently known are or were employees of the Bank at all times as alleged herein and operating within the course and scope of their employment.

31. That John Doe and Mary Roe assisted Guerrero in carrying out her fraudulent scheme by failing to follow established banking practices and the Bank's own operating rules and regulations to ascertain whether the transactions entered into by the said Guerrero were properly authorized, or alternatively actively participated in and conspired with the said Guerrero in causing the negotiation of said checks with the forged endorsements.

32. That the Bank failed to properly train, supervise and monitor said employees, permitting the fraudulent scheme to be perpetrated.

Count Eight (Breach of Criminal Provisions)

33. That the allegations contained in Counts One, Three and Five are realleged and incorporated herein as if fully set forth.

34. That upon information and belief, John Doe and Mary Roe as employees of the Bank received gratuities and other compensation from Guerrero to negotiate the checks containing forged endorsements.

35. That the receipt of such compensation or gratuities is unlawful pursuant to 4 CMC § 6804.

36. That any corporate entity responsible for an act or omission as aforesaid may be found guilty of a felony or misdemeanor pursuant to 4 CMC § 6813(a).

37. That as a result of defendant's conduct defendant has intentionally or negligently inflicted emotional distress on plaintiff.

## SECOND CAUSE OF ACTION

### Count One (Conversion)

38. That the allegations contained in the First Cause of Action are realleged and incorporated herein as if fully set forth.

39. That John Doe and Mary Roe conspired with and assisted Guerrero in her fraudulent scheme to forge endorsements and negotiate checks payable to Law Office and Cushnie by causing said checks to be negotiated without determining whether Guerrero was authorized to cash said checks, or alternatively knowingly permitting and authorizing the negotiation of said checks with the intent to defraud plaintiff.

40. That upon information and belief John Doe and Mary Roe took and converted portions of said funds to their own use in concert with Guerrero or received compensation and gratuities from Guerrero to process said checks.

41. That as a direct and proximate result of the conduct of John Doe and Mary Roe, Law Office and Cushnie have suffered damage due to loss of funds, incurred obligations to pay funds wrongfully converted, damage to professional and personal reputation, and emotional distress, both intentional and negligent.

42. That the conduct of John Doe and Mary Roe was criminally unlawful in violation of 4 CMC § 6813(b) and (c).

43. That the conduct of John Doe and Mary Roe was purposefully and wilfully done with either actual intent to defraud or an intentional and deliberate disregard as to whether Guerrero was authorized to negotiate said checks, thereby entitling Law Office and Cushnie to punitive damages.

Count Two (Negligence)

44. That the allegations contained in the Second Cause of Action, Count One are realleged and incorporated herein as if fully set forth.

45. That in the course of receiving checks payable to plaintiffs, defendants John Doe and Mary Roe failed to verify the endorsements on checks with signature cards on file at the bank and failed to contact plaintiffs to ascertain whether Guerrero was authorized to negotiate said checks and receive the funds therefrom in violation of

standard banking practice, the banks own rules and regulations and the common law.

46. That said conduct was the proximate cause of plaintiff's damage.

WHEREFOR, Law Office and Cushnie pray for judgment over and against:

First Cause of Action

1. Bank of Hawaii for compensatory damages for loss of funds, damage to professional and personal reputation, loss of income and profits, sums required to repay funds converted, conversion, and emotional distress as may be established at trial, punitive damages as may be established at trial, attorneys fees, costs of suit and such other and further relief as the court may deem proper.

Second Cause of Action

2. John Doe and Mary Roe for compensatory damages for loss of funds and conversion, damage to professional and personal reputation, loss of income and profits, sums required to repay funds converted, and emotional distress, and punitive damages as may be established at trial, attorneys fees, costs of suit and such other and further relief as the court may deem proper.

Dated this 6th day of June, 2007.

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs

_____
DOUGLAS F. CUSHNIE F108

## JURY DEMAND

Plaintiff's demand trial by jury on all issues so triable.

> DOUGLAS F. CUSHNIE
> Attorney for Plaintiffs
>
> _____
> DOUGLAS F. CUSHNIE