CARLSMITH BALL LLP

JOHN D. OSBORN
SEAN FRINK
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Bank of Hawaii

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF DOUGLAS F. CUSHNIE, a sole proprietorship, and DOUGLAS F. CUSHNIE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF HAWAII and MARY ROE and JOHN DOE,<br><br>Defendants. | CIVIL ACTION NO. 07-0020<br><br>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT A<br><br>Date:   September 20, 2007<br>Time:   9:00 a.m.<br>Judge:  Alex R. Munson |

Comes now the Defendant Bank of Hawaii ("Bank") and pursuant to F.R.C.P. 12(b)(6) moves the Court for an order dismissing Counts Two, Three, Six and Eight in the First Cause of Action of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

This motion is supported by the attached Memorandum of Points and Authorities, the exhibit attached hereto, the pleadings filed herein and such additional evidence and documents as may be presented at argument on this motion.

4832-4986-5729.1.010028-02734

CARLSMITH BALL LLP

DATED: Saipan, MP, July 27, 2007.

*/s/ John D. Osborn*
JOHN D. OSBORN
SEAN FRINK
Attorneys for Defendant
Bank of Hawaii

**Memorandum of Points and Authorities**

I. <u>**SUMMARY OF ARGUMENT**</u>

Plaintiffs' Complaint alleges various causes of action against Defendant Bank of Hawaii ("Bank") arising from a series of alleged forged endorsements on checks payable to Plaintiff Douglas Cushnie individually or his Law Office ("Cushnie") by Lucy M. DL Guerrero ("Guerrero") who was an employee of Cushnie.  It is alleged Guerrero cashed checks payable to Cushnie and converted the funds to her own use.

Bank seeks dismissal of Counts Two, Three, Six and Eight in the First Cause of Action of Plaintiffs' Complaint on the basis that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), such counts fail to state a claim upon which relief can be granted. Attached hereto marked as Exhibit A is a copy of Plaintiffs' Complaint filed herein.

II. <u>**LEGAL STANDARD UNDER Rule 12(b)(6) of the FRCP**</u>

Under Rule 12(b)(6) of the FRCP, a party may move for an order dismissing a claim "for failure to state a claim upon which relief can be granted."  In appraising the sufficiency of a cause of action, the accepted rule is that a Complaint should be dismissed for failure to state a claim if the party can prove no set of facts in support of the claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, Recently 45-46, 78 S. Ct. 99, 102 (1957).  A dismissal under Rule 12(b)(6) is proper when there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990).

III. <u>**FAILURE TO ALLEGE FACTS IS GROUNDS FOR DISMISSAL**</u>

Various claims in Plaintiffs' Complaint fail to state sufficient facts to allege certain causes of action against the Bank or meet the minimal notice pleading requirements of Rule 8 of the FRCP.  It is well settled that a party must allege and show the basic elements to maintain a cause of action and mere conclusory statements are insufficient to withstand a motion to dismiss under Rule 12(b)(6):

4832-4986-5729.1.010028-02734

-3.-

> Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. (citation omitted.) *In Re VeriFone Securities Litigation*, 11 F.3d 865, 868 (C.A. Cal., 1993)

Citing VeriFone in part, the Court in *Carpenter v. The City of Snohomish*, 2007 WL 1742161, 3 (W.D. Wash.) said:

> To state a claim, a Plaintiff must sufficiently allege all elements of the claim. Dismissal is warranted "only if it appears to a certainty that [the pleading parties] would be entitled to no relief under any state of facts that could be proved." (citation omitted.) Despite the liberal standard, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat" dismissal for failure to state a claim. (citation omitted.)

With respect to the matter in question, Counts Two, Three, Six and Eight in the First Cause of Action of Plaintiff's Complaint fail to meet that standard.

A. **Count Two (Conversion)**

Paragraph 16 of the Complaint alleges the basis for the claim of conversion. Paragraph 16 reads:

> That the bank converted the funds represented by the checks containing the fraudulent endorsement in violation of 5 CMC §3419(i)(c), and common law rules barring conversion.

Paragraph 16 sets forth no factual allegations to support a claim for conversion and makes nothing more than a conclusory legal averment that the Bank converted funds. Plaintiffs' failure to plead the basic elements to prove a claim for conversion and facts showing entitlement to relief is fatal for purposes of this Rule 12(b)(6) Motion to Dismiss. Without having set forth the basic elements of the claim and some factual allegations to support the claim, the Court has no basis for determining whether Plaintiff can prove a set of facts to be entitled to relief:

> Liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be afforded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted. 2 Moore's Federal Practice, §12.34(1)(b) (Matthew Bender 3d ed.)

Notwithstanding the deficient pleading for the claim of conversion, Plaintiffs' claim for

relief is also improper. Paragraph 17 of the Complaint states:

> That as a result of the conversion of said funds defendant negligently or intentionally inflicted emotion distress on plaintiff.

This "damage" allegation is inappropriate for several reasons.

First and foremost, 5 CMC §3419(2) limits damages for conversion, if proved, to the face value of the instrument:

> 5 CMC §3419(2):  In a action against a drawer under subsection (1) of this section the measure of the drawer's liability is the face amount of the instrument.  In any other action under subsection (1) of this section the measure of liability is presumed to be the face amount of the instrument.

As Plaintiffs bring the claim for conversion under the Commonwealth provisions of the Uniform Commercial Code, damages, if any, are limited to the face value of the instrument.

Second, conversion is an intentional act. As stated in Restatement (Second) of Torts §222A(1):

> Conversion is "an intentional exercise of dominion or control over a chattel which so interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."

Being an intentional act, a claim of negligent infliction of emotional distress for conversion is unavailable.  Additionally, Plaintiffs have plead no facts in the conversion claim to support entitlement to damages for negligent infliction of emotional distress.

Last, a claim for intentional infliction of emotional distress also fails as such relief is likewise unavailable.  No allegations stated in the conversion claim have been pled supporting any claim of damages for intentional infliction of emotional distress.  A claim for intentional infliction of emotional distress requires proof of four elements:  (1) that the conduct complained of was outrageous; (2) that the conduct was intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *Charfaurous v. Board of Elections*, 1998 MP16 ¶62, 5 N.M.I. 188, 201 (1998).

Taking all of the foregoing into consideration, Plaintiffs' conversion claim cannot

withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. The claim for conversion fails because Count Two merely states conclusory allegations which are unsupported by any factual allegations upon which the Court could determine whether under any set of facts a cognizable legal theory exists. Further, Plaintiffs' complaint states no facts to support damage claims for infliction of emotional distress and by law, damages, if any, would be limited to the face value of the instrument.

### B.    **Count Three (UCC/Ordinary Case/Bad Faith)**

As with Count Two (Conversion), the claim(s) made in Count Three are merely conclusory statements and set forth no facts upon which the Court could determine whether there is a cognizable legal claim. The attempt at stating a claim is in paragraph 19 of the Complaint.

> 19. That the Bank failed to comply with the statutory standards of care set forth in 5 CMC §4103, et seq., failing to exercise ordinary care and acting in bad faith.

Count Three makes no attempt to identify what statutory standards of care "set forth in 5 CMC §4103, et seq." constitute a basis for relief against the Bank. In fact, Count Three makes no claim for relief. Again, absent factual allegations supporting a claim for relief, the Court cannot determine whether "a cognizable legal theory" exists. Count Three should be dismissed for failure a claim upon which relief can be granted.

### C.    **Count Six (Breach of Federal Regulations)**

Count Six for breach of federal regulations suffers from the same deficiencies as Count Two and Count Three. Other than stating the Bank is an FDIC member and Federal Reserve System member, Count Six is merely a conclusory statement which states no facts from which the Court could determine the existence of a "cognizable legal theory." Paragraph 28 states:

> That the Bank failed to comply with the rules and regulations of those federal institutions and failed to comply with its own internal operating systems, controls, rules and regulations.

As with the previous Counts which are the subject of this motion, Count Six makes no attempt to set out any facts to support a claim for relief. The Complaint does not identify any rules and

regulations of the FDIC or Federal Reserve System which the Bank purportedly failed to comply, or what internal operating systems, controls, rules and regulations of the Bank it did not comply with and as such, Count Six should be dismissed.

### D. **Count Eight (Breach of Criminal Provisions)**

Count Eight alleges that co-defendants John Doe and Mary Roe received gratuities and other compensation from Guerrero to negotiate the forged checks and that John Doe and Mary Roe's receipt of such gratuities or compensation was unlawful under 4 CMC § 6804.

4 CMC § 6804(a)(1) does make it unlawful for a bank employee to accept a gratuity or compensation in exchange for any action taken by a bank or for endeavoring to procure any such action.

Paragraph 36 of the Complaint then states: "That any corporate entity responsible for an act or omission as aforesaid may be found guilty of a felony or misdemeanor pursuant to 4 CMC § 6813(a)." This is where the problem arises. Although the Count (and most of the Complaint) is far from clear, Plaintiffs apparently intend to impose criminal sanctions upon the Bank through this lawsuit. Plaintiff lacks standing to make such claim because only the CNMI Attorney General is authorized to launch criminal prosecutions based upon CNMI law.

Article III, Section 11 of the Commonwealth Constitution provides that it is the CNMI Attorney General who is responsible for "prosecuting violations of Commonwealth law."

Because it is the Attorney General who is provided the authority to prosecute crimes, others are precluded from doing so. Indeed;

> [w]hen the duty of taking appropriate action for the enforcement of a statute is entrusted solely to a named public officer, private citizens ordinarily cannot intrude upon that officer's functions.
>
> *Commonwealth v. Min,* Traffic Case No. 90-3247, *Memorandum Decision*, July 31, 1990 (citing 59 Am. Jur. 2d Parties § 33).

Another Commonwealth Court ruled similarly. In reviewing the Tinian Gaming Commission enabling legislation which in part attempted to grant law enforcement authority to the Gaming Commission's Executive Director, Judge Marty Taylor found that:

4832-4986-5729.1.010028-02734

-7.-

> This section purports to allow the Attorney General's office to institute criminal proceedings. Additionally, the Executive Director or, any person authorized by him may institute proceedings. The latter provisions are in conflict with N.M.I. Const. art. III, § 11, which provides the Attorney General is responsible for prosecuting violations of Commonwealth laws.
>
> It is, therefore, determined that this section is valid only to the extent that a criminal prosecution must be initiated by the Attorney General….But the attempt to authorize the Executive Director or his designee to prosecute any crimes is invalid.
>
> *Commonwealth v. Tinian Casino Gaming Control Commission*, Civil Action No. 91-0690, *Declaratory Judgment*, September 6, 1991 (emphasis added).

For these reasons, plaintiff lacks standing to pursue this cause of action against Defendant and because this defect cannot be addressed through amending the Complaint, Count Eight should be dismissed with prejudice for failure to state a claim.

It is noted that under the Federal Rules of Civil Procedure, that Plaintiffs' allegations are to be liberally construed and that detailed pleadings are not required. However, "Liberal construction has its limits, for the pleading must set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader." 2 Moore's, *supra*, §12.34(l)(b).

IV. **CONCLUSION**

Counts Two, Three, Six and Eight in the First Cause of Action of Plaintiffs' Complaint fail to meet the standards required by Rules 8 and 12(b)(6) because they are no more than conclusory statements that do not provide sufficient factual allegations to enable the Court to determine whether a recognized legal theory exists. The Court is respectfully requested to dismiss Counts Two, Three, Six and Eight for failure to state a claim upon which relief can be granted.

|   |   |
|---|---|
| | CARLSMITH BALL LLP |
| Dated: July 27, 2007. | */s/ John D. Osborn*<br>JOHN D. OSBORN<br>SEAN FRINK<br>Attorneys for Defendant<br>Bank of Hawaii |

4832-4986-5729.1.010028-02734

-9.-