CARLSMITH BALL LLP

JOHN D. OSBORN
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP  96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Bank of Hawaii

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF DOUGLAS F. CUSHNIE, a sole proprietorship, and DOUGLAS F. CUSHNIE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF HAWAII and MARY ROE and JOHN DOE,<br><br>Defendants. | CIVIL ACTION NO. 07-0020<br><br>DEFENDANT BANK OF HAWAII'S REPLY TO PLAINTIFFS' RESPONSE MEMORANDUM TO RULE 12(b)(6) MOTION<br>Date:     September 20, 2007<br>Time:    9:00 A.M.<br>Judge:   Alex R. Munson |

Comes now the Defendant Bank of Hawaii ("BOH") and hereby files its Reply to Plaintiffs' Response Memorandum to Defendant Bank of Hawaii's Rule 12(b)(6) Motion to Dismiss.

**I.     ARGUMENT**

Indeed, the court must accept all material allegations in the Complaint as true and construe them in light most favorable to the plaintiff. *North Star International v. Arizona Corporation Commission*, 720 F.2d 587, 580 (9th Cir. 1983). While not disputing the assumption of veracity of Plaintiffs' allegations, BOH's reiterates the inadequacy of material allegations necessary to state an actionable claim. A dismissal under Rule 12(b)(6) is proper when there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged

4842-2734-2849.1

under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990). Plaintiffs' allegations fall short of sufficient facts to support their respective claims.

### A.     **Count Two (Conversion)**

A pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP 8(a)(2). Plaintiffs should allege supporting facts specific to each claim by which it seeks relief, i.e. a well-pled Complaint. Judges should not have to be "pigs, hunting for truffles buried in briefs." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Thus, to the extent that the claim of conversion is so broadly drafted with allegations as to each element of conversion located in other parts of the Complaint, Plaintiffs have not sufficiently pled factual allegations for the claim of conversion under Count Two.

Moreover, Plaintiffs attempt to state an additional claim of intentional infliction of emotional distress under the count for conversion. To maintain a cause of action for the intentional infliction of emotional distress requires proof of four elements: (1) that the conduct complained of was outrageous; (2) that the conduct was intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe. *Charfaurous v. Board of Elections*, 1998 MP16 ¶62, 5 N.M.I. 188, 201 (1998). Plaintiffs characterize conversion as outrageous conduct merely because it is a "polite civil law description" of an otherwise criminal act. Plaintiffs' Response Memorandum to Rule 12(b)(6) Motion, at 6.

It is not enough that the defendant has acted with an intent which is tortious *or even criminal*, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Restatement (Second) of Torts §46 cmt. d. (1965) (emphasis added). Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.*

While BOH certainly does not condone any criminal acts, it is not ready to abandon all sense of reason and accept a wholesale generalization that every crime is so outrageous for

1  purposes a claim of intentional infliction of emotional distress.  Plaintiffs have failed to allege
2  any acts by BOH that remotely approach outrageous conduct or even facts that support that
3  Plaintiffs suffered severe emotional distress for that matter.  Without alleging any facts
4  indicating any outrageous conduct or severe emotional distress, the court should dismiss
5  Plaintiffs' attempt to inject a claim of intentional infliction of emotional distress under Count
6  Two.

**B.     Count Three (UCC/Ordinary Case/Bad Faith)**

BOH is entitled to a short and plain statement of the claim showing that the pleader is entitled to relief.  FRCP 8(a)(2).  It is neither the Court's nor BOH's duty to piece together the pertinent allegations throughout Complaint to make some cognizable understanding of Plaintiffs' claims.  A plaintiff's obligation to provide the basis of his right to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (citing to *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986) (a case dealing with misappropriation of public funds and not an anti-trust action)).  Factual allegations must be enough to raise a right to relief above the speculative level.  *Id.* at 1965 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.2004).

Plaintiffs are claiming that BOH breached its duty to them by failing to exercise good faith and ordinary care in violation of 5 CMC §4103 et seq.  Such a vague and overbroad reference to the CNMI statutes allegedly violated leaves BOH to speculate which statute in particular it must defend against for supposedly violating.  Plaintiffs attempt to specify the statute in their Response Memorandum by citing to 5 CMC §4103(1).  However, the Court may not take into account additional facts asserted in a memorandum opposing the motion to dismiss. 2 Moore's Federal Practice, §12.34(2) (Matthew Bender 3d ed.).

Further, to the extent that Plaintiffs attempt to allege additional facts in their memorandum opposing the motion to dismiss, neither the Complaint nor their opposition memorandum allege any facts that support a claim of bad faith by BOH.  Plaintiffs fail to distinguish a failure to exercise due care from conduct constituting bad faith.  There is a separate

1  statutory measure of damages if bad faith is involved, separate from the measure of damages for
2  failure to exercise ordinary care.  "Bad faith" is defined as dishonesty in belief or purpose.
3  *Black's Law Dictionary* 56 (2d Pocket Ed. 2001).  There are simply no factual allegations present
4  in the Complaint to support a claim that BOH acted dishonestly in handling Plaintiffs'
5  transactions.  Thus, to the extent that Plaintiffs attempt to allege bad faith by BOH, the Court
6  should dismiss Count Three since there are insufficient factual allegations supporting such
7  claims.

### C. Count Six (Breach of Federal Regulation)

9  It appears that Plaintiffs would have BOH search the entire Federal Reserve regulations
10 and speculate which rules and regulations it allegedly violated in order to "explain what is so
11 deficient that it cannot respond."  Plaintiffs' Response Memorandum to Rule 12(b)(6) Motion, at
12 8.  Plaintiffs must allege factual predicate concrete enough to warrant further proceedings.  2
13 Moore's Federal Practice, §12.34(1)(b) (Matthew Bender 3d ed.).

14 Plaintiffs have not pled in accord with the Federal statute.  5 CMC § 4103(2) merely
15 gives the effect of agreements under subsection (1) to Federal Reserve rules and regulations.  5
16 CMC §4103(3) acknowledges that following such Federal Reserve rules and regulations
17 constitutes exercise of due care.  Nowhere does 5 CMC § 4103 state that violating CNMI Bank
18 Deposits and Collections statutes constitutes a violation of Federal Reserve rules and regulations.
19 Plaintiffs have failed to cite any Federal Reserve regulations that equate the violation of
20 applicable CNMI laws as violations of Federal Reserve rules and regulations themselves.
21 Equally important, Plaintiffs have not identified any Federal Reserve rule or regulation that
22 grants them any private right of action for such breach of rule or regulation.  Thus, the Court
23 should dismiss Count Six for failure to state a claim upon which relief can be granted.

### D. Count Eight (Breach of Criminal Provision)

25 Plaintiffs again attempt to characterize a mere breach of criminal provisions as a basis for
26 the tort of intentional emotional distress or negligent infliction of emotional distress.  Plaintiffs
27 conceded that a claim of negligent infliction of emotional cannot lie for the intentional tort of
28 conversion.  Plaintiffs' Response Memorandum to Rule 12(b)(6) Motion, at 6.  The same

4842-2734-2849.1                                 -4.-

1    reasoning prevents a claim of negligent intentional infliction of emotional distress to lie for a

2    breach of criminal provisions.  Defendants must intentionally commit these acts in order violate

3    these criminal provisions, which is the same mental state required to commit an intentional tort

4    as opposed to mere negligence.

5    With respect to the claim of intentional infliction of emotional distress, a criminal act

6    alone is insufficient to rise to the level of outrageous conduct.  The rough edges of a civilized

7    society are still in need of a good deal of filing down, and in the meantime plaintiffs must

8    necessarily be expected and required to be hardened to occasional acts that are definitely

9    inconsiderate and unkind. Restatement (Second) of Torts §46 cmt. d. (1965).  There is no

10   occasion for the law to intervene in every case where some one's feelings are hurt.  *Id.*  The

11   conduct alleged by Plaintiffs is the acceptance of gratuity from Plaintiffs' employee by one of

12   BOH's employees in violation of 4 CMC §6104.  Plaintiffs do not allege any conduct remotely

13   rising to level of outrageous conduct nor do Plaintiffs allege severe emotional distress suffered.

14   Further, Plaintiffs' cited authorities do not support the proposition that a criminal act is

15   inherently an outrageous conduct.  In all the cases, the conduct alleged is either an intentional

16   tort rising to the level of outrageous conduct or such conduct resulting in actual damages. *Engle*

17   *v. Simmons*, 41 So. 1023 (Ala. 1906) (case of trespass on the home of a lone pregnant wife who

18   suffered great physical pain and consequent temporary physical disability); *Herman Saks & Sons*

19   *v. Ivey*, 157 So. 265 (Ala. App. 1934) (case of extortion); *Davidson v. Lee*, 139 S.W. 904 (Tex.

20   App. 1911) (case of assault and battery); *Shall v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 145

21   N.W. 649 (Wis. 1914) (case of trespass in the middle of the night upon a lone widow);

22   *McGregor v. Barton*, 660 P.2d 175 (Or. App. 1983) (case of trespass); *Emden v. Vitz*; 198 P.2d

23   696 (Cal. App. 1948) (case of duress and physical threats).  The Court should dismiss Count

24   Eight for failure to state a claim upon which relief can be granted as 4 CMC §6104 provides no

25   private right of action to Plaintiffs.

26   **II.    CONCLUSION**

27   Counts Two, Three, Six and Eight in the First Cause of Action of Plaintiffs' Complaint

28

4842-2734-2849.1                    -5.-

fail to meet the standards required by Rules 8 and 12(b)(6) because they do not provide sufficient factual allegations to enable the Court to determine whether a recognized legal theory exists. The Court is respectfully requested to dismiss Counts Two, Three, Six and Eight for failure to state a claim upon which relief can be granted.

CARLSMITH BALL LLP

DATED: Saipan, MP, September 13, 2007

*/s/ John D. Osborn*
JOHN D. OSBORN
Attorneys for Defendant
Bank of Hawaii