FILED
Clerk
District Court

SEP 20 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF DOUGLAS F. CUSHNIE, a sole proprietorship, and DOUGLAS F. CUSHNIE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF HAWAII, et al.,<br><br>Defendants. | Case No. CV-07-0020<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

**THIS MATTER** came before the court on September 20, 2007, on defendant Bank of Hawaii's motion to dismiss claims two, three, six, and eight. Douglas F. Cushnie appeared *pro se*; attorney John D. Osborn appeared on behalf of defendant Bank of Hawaii.

**THE COURT**, having fully considered the arguments of the parties,

**GRANTS WITHOUT PREJUDICE** the defendant's motion to dismiss the intentional infliction of emotional distress section of paragraph 17;

**GRANTS WITH PREJUDICE** the defendant's motion to dismiss the negligent infliction of emotional distress section of paragraph 17;

**GRANTS WITHOUT PREJUDICE** the defendant's motion to dismiss claim 3;

**GRANTS WITHOUT PREJUDICE** the defendant's motion to dismiss claim 6; and

**GRANTS WITH and WITHOUT PREJUDICE** the defendant's motion to dismiss claim 8.

All other motions to dismiss are denied, as set out below.

//
//

Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint should not be dismissed . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

## I. CLAIM 2: CLAIM OF CONVERSION

Pursuant to 5 CMC § 3419(1)(c), "[a]n instrument is converted when[] [i]t is paid on a forged instrument." "[T]he measure of liability is presumed to be the face amount of the instrument." 5 CMC § 3419(2).

> Subject to the provisions of this title concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

5 CMC § 3419(3).

The defendant first argues that the plaintiff fails to state a claim for conversion because paragraph 16 of the complaint does not set forth any factual allegations to support a claim of conversion and makes nothing more than a conclusory legal averment that the defendant converted the plaintiff's funds. The plaintiff in claim 2, however, incorporates the allegations in claim 1 in paragraph 15 of the complaint. Because Claim 1 contains several factual allegations to support the plaintiff's claim of conversion, the defendant's motion to dismiss claim 2 on this basis is **DENIED**.

The defendant next argues that because plaintiff may not, as a matter of law, pursue damages due to emotional distress under the plaintiff's claim of conversion, the court should dismiss paragraph 17 of claim 2, which states "[t]hat as a result of the conversion of said funds defendant negligently or intentionally inflicted emotional distress on plaintiff." While the statute does state that damages under the plaintiff's claim of conversion is presumed to be the face amount of the instrument, it is merely a

presumption and not a limitation to the plaintiff's damages. Accordingly, the defendant's motion to dismiss paragraph 17 of claim 2 on this basis is **DENIED**.[1]

Next, the defendant argues that the plaintiff has not sufficiently made a claim for infliction of emotional distress to claim damages for such emotional distress. The plaintiff, however, argues that he need not meet the requirements for a claim of infliction of emotional distress because the Uniform Commercial Code of the Northern Mariana Islands under 5 CMC § 3419(1)(c) creates liability for infliction of emotional distress. This statute, however, creates no liability for infliction of emotional distress.

Thus, for the plaintiff's claim of intentional infliction of emotional distress to withstand a motion to dismiss, the plaintiff must have set forth factual allegations "(1) that the conduct complained of was outrageous; (2) that the conduct was intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Charfauros v. Bd. of Elections*, 1998 MP 16 ¶ 62. Accordingly, because the plaintiff has not set forth any of these allegations to support these four elements, the defendant's motion to dismiss the plaintiff's claim for intentional infliction of emotional distress in paragraph 17 is **GRANTED WITHOUT PREJUDICE**.

Furthermore, because a claim for negligent infliction of emotion distress caused solely by harm to property is not recognized in the Commonwealth of the Northern Mariana Islands, the defendant's motion to dismiss the plaintiff's claim for negligent infliction of emotional distress in paragraph 17 is **GRANTED WITH PREJUDICE**. *See* Order Partially Granting Defendants' Motion to Dismiss, CV-06-0445(R), Hocog v. OKP (CNMI) Corp. (N. Mar. I. Commw. Super. Ct. 2006).

//

//

---

[1] While the plaintiff did not argue that the statute merely created a presumption on damages, the plaintiff did argue that his damages for emotional distress are supported by 5 CMC § 4103(1) and (5). That statute, however, only applies to the Division 4: Bank Deposits and Collections of the Uniform Commercial Code of the Northern Mariana Islands; it does not apply to the conversion statute.

## II. CLAIM 3: FAILURE TO EXERCISE ORDINARY CARE AND ACTING IN BAD FAITH

The defendant argues that the court should dismiss claim 3 because the plaintiff makes no claim for relief. The defendant is correct. Accordingly, the defendant's motion to dismiss the plaintiff's third claim on that basis is **GRANTED WITHOUT PREJUDICE**.

## III. CLAIM 6: BREACH OF FEDERAL REGULATIONS

The defendant's motion to dismiss the plaintiff's sixth claim for failure to plead a claim for relief is **GRANTED WITHOUT PREJUDICE**.

## IV. CLAIM 8: BREACH OF CRIMINAL PROVISIONS

The defendant also argues that the court should dismiss the plaintiff's eighth claim for lack of standing to bring a criminal proceeding against the defendant. The plaintiff argues that claim 8 is for intentional or negligent infliction of emotional distress caused by employees of the defendant negotiating checks containing forged endorsements in exchange for gratuities and other compensation.

The defendant is correct that the plaintiff lacks standing to bring criminal proceedings against the defendant. Accordingly, to the extent that claim 8 is for violation of a criminal statute, the court **GRANTS WITH PREJUDICE** the defendant's motion to dismiss the plaintiff's eighth claim.

To the extent that the plaintiff's eighth claim is for intentional infliction of emotional distress, the plaintiff must have set forth factual allegations "(1) that the conduct complained of was outrageous; (2) that the conduct was intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." *Charfauros*, 1998 MP at ¶ 62. The plaintiff, however, fails to do so. Accordingly, to the extent that claim 8 is for intentional infliction of emotional distress, the court **GRANTS WITHOUT PREJUDICE** the defendant's motion to dismiss the plaintiff's eighth claim.

//
//
//

4

Moreover, to the extent that claim 8 is for negligent infliction of emotional distress, the court **GRANTS WITH PREJUDICE** the defendant's motion to dismiss the plaintiff's eighth claim. *See* Order Partially Granting Defendants' Motion to Dismiss, CV-06-0445(R), Hocog v. OKP (CNMI) Corp.

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2007.

_____
ALEX R. MUNSON
U.S. District Court Chief Judge