1    CARLSMITH BALL LLP

2    JOHN D. OSBORN
     Carlsmith Building, Capitol Hill
3    P.O. Box 5241
     Saipan, MP 96950-5241
4    Tel No. 670.322.3455

5    Attorneys for Defendant and
     Third Party Plaintiff, Bank of Hawaii
6

7

8
                    UNITED STATES DISTRICT COURT
9
                              FOR THE
10
                    NORTHERN MARIANA ISLANDS
11

12   LAW OFFICE OF                        CIVIL ACTION NO. 07-0020
     DOUGLAS F. CUSHNIE,
13   a sole proprietorship, and
     DOUGLAS F. CUSHNIE,
14   individually,                        ANSWER OF DEFENDANT BANK OF
                       Plaintiffs,        HAWAII TO THE FIRST AMENDED
15                                        COMPLAINT; THIRD PARTY
          vs.                             COMPLAINT; EXHIBIT A
16
     BANK OF HAWAII and
17   MARY ROE and JOHN DOE,

18                     Defendants.

19          and

20   BANK OF HAWAII,

21                  Third-Party Plaintiff,

22        vs.

23   LUCY M. DL GUERRERO,

24                  Third-Party Defendant.

25

26        Comes now the Defendant Bank of Hawaii and for its answer to the First Amended

27   Complaint filed herein states and avers as follows:

28

     4826-7676-8770.1.010028-02734

1
2

FIRST CAUSE OF ACTION
COUNT ONE (NEGLIGENCE)

3
4
5

1.      Defendant Bank of Hawaii (hereafter "BOH") denies each and every, all and singular, the allegations contained in the First Amended Complaint except as same are specifically admitted herein.

6

2.      Paragraph 1 of the First Amended Complaint is admitted.

7

3.      Paragraph 2 of the First Amended Complaint is admitted.

8

4.      Paragraph 3 of the First Amended Complaint is admitted.

9
10
11
12
13

5.      In answer to paragraph 4 of the First Amended Complaint, upon information and belief, it is admitted that Plaintiff Law Office employed Lucy M. DL Guerrero.  Defendant BOH is without sufficient information to form a belief as to the remaining allegations of said paragraph 4 regarding the duties of Guerrero as an employee of Plaintiff Law Office and therefore denies same.

14

6.      Paragraph 5 of the First Amended Complaint is admitted.

15
16
17

7.      In answer to paragraph 6 of the First Amended Complaint, Defendant BOH admits that it has requested and been provided signature cards for the accounts of Law Office of Douglas F. Cushnie and Douglas F. Cushnie at various times over the years.

18
19
20
21

8.      In answer to paragraph 7 of the First Amended Complaint it is admitted that Guerrero at various times has presented checks to Defendant BOH with alternatively the Law Office as payee or Cushnie as payee.  Defendant BOH is without sufficient information to form a belief as the truth of the remaining allegations of said paragraph 7 and therefore denies same.

22
23
24

9.      In answer to paragraph 8 of the First Amended Complaint Defendant BOH is without sufficient information to form a belief as to the truth of the allegations of said paragraph 8 and therefore denies same.

25
26
27

10.     In answer to paragraph 9 of the First Amended Complaint it is admitted that Guerrero was not a signatory on Plaintiff bank accounts at BOH.  Defendant BOH is without sufficient

28

1    information to form a belief as to the truth of the remaining allegations of said paragraph 9 and

2    therefore denies same.

3    11.    In answer to paragraph 10 of the First Amended Complaint Defendant BOH is without

4    sufficient information to form a belief as to the truth of the allegations of said paragraph 10 and

5    therefore denies same.

6    12.    Paragraph 11 of the First Amended Complaint is denied.

7    13.    Paragraph 12 of the First Amended Complaint is denied.

8    14.    Paragraph 13 of the First Amended Complaint is denied.

9    15.    Paragraph 14 of the First Amended Complaint is denied.

10                              <u>COUNT TWO (CONVERSION)</u>

11    16.    In answer to paragraph 15 of the First Amended Complaint Defendant BOH restates and

12    incorporates herein its answers to paragraphs 1-14 hereinabove stated.

13    17.    Paragraph 16 of the First Amended Complaint is denied.

14    18.    Paragraph 17 of the First Amended Complaint is denied.

15    19.    Paragraph 18 of the First Amended Complaint is denied.

16    20.    In answer to paragraph 19 of the First Amended Complaint Defendant BOH is without

17    sufficient information to form a belief as to the truth of the allegations of said paragraph 19 and

18    therefore denies same.

19    21.    In answer to paragraph 20 of the First Amended Complaint Defendant BOH is without

20    sufficient information to form a belief as to the truth of the allegations of said paragraph 20 and

21    therefore denies same.

22    22.    In answer to paragraph 21 of the First Amended Complaint Defendant BOH is without

23    sufficient information to form a belief as to the truth of the allegations of said paragraph 21 and

24    therefore denies same.

25    23.    In answer to paragraph 22 of the First Amended Complaint Defendant BOH is without

26    sufficient information to forma belief as to the truth of the allegations of said paragraph 22 and

27    therefore denies same.

28

1
2
3
4

24.    In answer to paragraph 23 of the First Amended Complaint it is admitted that Cushnie

has been practicing law in the Commonwealth and other western Pacific jurisdictions for many

years.  Defendant BOH is without sufficient information to form a belief as to the truth of the

remaining allegations of said paragraph 23 and therefore denies same.

5    25.    Paragraph 24 of the First Amended Complaint is denied.

6    26.    Paragraph 25 of the First Amended Complaint is denied.

7                    <u>COUNT THREE (UCC/ORDINARY CARE/BAD FAITH)</u>

8    27.    In answer to paragraph 26 of the First Amended Complaint Defendant BOH restates and

9    incorporates herein its answers to paragraphs 1-25 hereinabove set forth.

10    28.    Paragraph 27 of the First Amended Complaint is denied.

11    29.    Paragraph 28 of the First Amended Complaint is denied.

12                        <u>COUNT FOUR (BREACH OF CONTRACT)</u>

13    30.    In answer to paragraph 29 of the First Amended Complaint Defendant BOH restates and

14    incorporates herein its answers to paragraphs 1-28 hereinabove set forth.

15    31.    Paragraph 30 of the First Amended Complaint is admitted.

16    32.    Paragraph 31 of the First Amended Complaint states a legal conclusion and contains no

17    factual allegations to which a response is required.  To the extent that said paragraph 31

18    constitutes an averment as to Defendant BOH, same is denied.

19    33.    In answer to paragraph 32 of the First Amended Complaint Defendant BOH is without

20    sufficient information to form a belief as to the truth of the allegations that Plaintiff satisfied all

21    contractual arrangements and therefore denies same.  Defendant BOH denies the remaining

22    allegations of said paragraph 32.

23                    <u>COUNT FIVE (BREACH OF FIDUCIARY DUTY)</u>

24    34.    In answer to paragraph 33 of the First Amended Complaint Defendant BOH restates and

25    incorporates herein its answers to paragraphs 1-32 hereinabove set forth.

26    35.    In answer to paragraph 34 of the First Amended Complaint the allegation that as a

27    depositor and account holder with Defendant bank, said Defendant has a fiduciary obligation to

28

1  Plaintiff is a legal conclusion to which no response is required and thus to the extent that such

2  allegation constitutes an averment as to Defendant BOH, same is denied.  The remaining

3  allegations of said paragraph 34 are denied.

4  COUNT SIX (BREACH OF FEDERAL REGULATIONS

5  36.    In answer to paragraph 35 of the First Amended Complaint Defendant BOH restates and

6  incorporates herein its answers to paragraphs 1-34 hereinabove set forth.

7  37.    Paragraph 36 of the First Amended Complaint is admitted.

8  38.    Paragraph 37 of the First Amended Complaint is denied.

9  COUNT SEVEN (FAILURE TO TRAIN AND SUPERVISE)

10  39.    In answer to paragraph 38 of the First Amended Complaint Defendant BOH restates and

11  incorporates herein its answers to paragraphs 1-37 hereinabove set forth.

12  40.    In answer to paragraph 39 of the First Amended Complaint Defendant BOH is without

13  sufficient information to form a belief as to the truth of the allegations of said paragraph 39 and

14  therefore denies same.

15  41.    In answer to paragraph 40 of the First Amended Complaint Defendant BOH is without

16  sufficient information to form a belief as to the truth of the allegations of said paragraph 40 and

17  therefore denies same.

18  42.    Paragraph 41 of the First Amended Complaint is denied.

19  COUNT EIGHT (BREACH OF CRIMINAL PROCEDURE)

20  43.    In answer to paragraph 42 of the First Amended Complaint Defendant BOH restates and

21  incorporates herein its answers to paragraph 1-41 as stated hereinabove set forth.

22  44.    In answer to paragraph 43 of the First Amended Complaint Defendant BOH is without

23  sufficient information to form a belief as to the truth of the allegations contained in said

24  paragraph 43 and therefore denies same.

25  45.    In answer to paragraph 44 of the First Amended Complaint Defendant BOH is without

26  sufficient information to form a belief as to the truth of the allegations contained in said

27  paragraph 44 and therefore denies same.

28

46.     In answer to paragraph 45 of the First Amended Complaint Defendant BOH is without sufficient information to form a belief as to the truth of the allegations contained in said paragraph 45 and therefore denies same.

47.     Paragraph 46 of the First Amended Complaint is denied.

SECOND CAUSE OF ACTION

COUNT ONE (CONVERSION)

48.     In answer to paragraph 47 of the First Amended Complaint Defendant BOH restates and incorporates herein its answer to paragraphs 1-46 hereinabove set forth.

49.     Paragraph 48 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is requested.  To the extent that said paragraph 48 constitutes an averment as to Defendant BOH, same is denied.

50.     Paragraph 49 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is required.  To the extent that said paragraph 49 constitutes an averment as to Defendant BOH, same is denied.

51.     Paragraph 50 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is required.  To the extent that said paragraph 50 constitutes an averment as to Defendant BOH, same is denied.

52.     Paragraph 51 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is required.  To the extent that said paragraph 51 constitutes an averment as to Defendant BOH, same is denied.

53.     Paragraph 52 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is required.  To the extent that said paragraph 52 constitutes an averment as to Defendant BOH, same is denied.

COUNT TWO (NEGLIGENCE)

54.     In answer to paragraph 53 of the First Amended Complaint Defendant BOH restates and incorporates herein its answers to paragraphs 1-52 hereinabove set forth.

55.    Paragraph 54 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is requested.  To the extent that said paragraph 54 constitutes an averment as to Defendant BOH, same is denied.

56.    Paragraph 55 of the First Amended Complaint states no factual allegations as to Defendant BOH to which a response is requested.  To the extent that said paragraph 55 constitutes an averment as to Defendant BOH, same is denied.

<u>FURTHER ANSWER OF DEFENDANT BANK OF HAWAII</u>

Comes now the Defendant Bank of Hawaii and for its further answer to the First Amended Complaint filed herein states and avers as follows:

1.    The First Amended Complaint fails to state a claim upon which relief can be granted as to Defendant BOH.

2.    Defendant BOH denies that it was negligent or that any act on its part caused or contributed to the damages alleged in the First Amended Complaint.

3.    That if Plaintiff sustained damage, which damage is denied by Defendant BOH, such damage was the result of the acts or omissions of Plaintiff and therefore Plaintiff's claims are diminished or barred by Plaintiff's contributory negligence and/or comparative fault.

4.    That if Plaintiff sustained damage, which damage is denied by Defendant BOH, such damage was the result of the acts or omissions of others for which Defendant BOH was not responsible.

5.    To the extent that the same may be shown to be applicable, the claims stated in the First Amended Complaint are barred by the affirmative defenses of statute of limitations, estoppel, laches, illegality, payment, release, mitigation, settlement, set off, unclean hands, and authorization and ratification.

6.    The claim of negligence as stated in the First Amended Complaint is displaced and subsumed by the claim of conversion pursuant to 5 CMC §3419(l)(C) and therefore the claim of negligence is barred.

7.    Defendant BOH denies that Plaintiff is entitled to recover any damages, whether pecuniary or non-pecuniary, compensatory or punitive, statutory or otherwise.

8.    Defendant BOH reserves the right to amend its answer herein to allege such additional and further affirmative defenses as may be revealed by discovery to be applicable.

WHEREFORE Defendant Bank of Hawaii prays that Plaintiff take naught by the First Amended Complaint filed herein.  Further that the costs of this action, including attorney fees if applicable, be assessed to Plaintiff and for such other and further relief as the Court deems just and equitable in the premises.

## DEFENDANT BANK OF HAWAII THIRD PARTY COMPLAINT AGAINST THIRD PARTY DEFENDANT LUCY M. DL GUERRERO

Comes now the Defendant Bank of Hawaii ("BOH") by and through their undersigned counsel, and for its Third-Party Complaint against Third Party Defendant Lucy M. DL Guerrero ("Guerrero"), states and avers as follows:

1.    BOH is a financial institution incorporated in and having its principal place of business in the State of Hawaii.  BOH is authorized to conduct the business of banking in the Commonwealth of the Northern Mariana Islands.

2.    Upon information and belief Third-Party Defendant Guerrero is a resident of the State of Arizona and may be served with summons and Complaint therein.

3.    On October 11, 2007 Law Office of Douglas F. Cushnie and Douglas F. Cushnie individually ("Cushnie") filed a First Amended Complaint against Defendant and Third-Party Party Plaintiff BOH.  A copy of the First Amended Complaint is attached hereto marked as Exhibit A and incorporated herein by reference.

4.    Plaintiff alleges that Third-Party Defendant Guerrero had been employed as a legal secretary for Plaintiff Law Office, that Cushnie has maintained bank accounts at BOH in excess of ten (10) years.

5.    Plaintiff alleges that Guerrero on various occasions over the past four years presented to BOH with alternatively the Law Office as payee or Cushnie as payee for legal services rendered to clients.

6.    Plaintiff alleges that on various occasions, Guerrero forged the endorsement on said checks payable to Law Office or Cushnie, individually, failed to deposit said checks to Law Firm

or Cushnie bank accounts, cashed said checks, receiving the currency therefrom and converted said funds to her own use in excess of Two Hundred Fifty Thousand Dollars ($250,000.00).

7.      Plaintiff alleges that Guerrero is not a signatory on any bank accounts at BOH, had no authority to endorse or negotiate said checks, nor covert funds to her own use, and BOH had no authority from Law Office or Cushnie to permit such conduct, said forged endorsement being wholly inoperative as that of the names of Law Office or Cushnie.

8.      Plaintiff alleges BOH failed to contact Plaintiff or make any inquiry regarding the negotiation of said checks by Guerrero and whether such was authorized by Law Office or Cushnie.

9.      That by virtue of the factual allegations alleged in the First Amended Complaint recovery is sought for damages from BOH on claims of negligence, conversion, UCC/Ordinary Care/Bad Faith, Breach of Contract, Breath of Fiduciary Duty, Breach of Federal Regulations, Failure to Train and Supervise, and Breach of Criminal Provisions.

10.     Defendant BOH denies all claims of liability and damages for the claims made in the First Amended Complaint.

11.     Plaintiff's damages, if any, were the result of the acts or omissions of Plaintiff or Guerrero.

12.     That if Defendant and Third-Party Plaintiff BOH is found to be liable on Plaintiff's claims, BOH is entitled to recover from Third-Party Defendant Guerrero all sums that may be adjudged against it in favor of Plaintiff.

        WHEREFORE Defendant and Third Party Plaintiff BOH demands judgment over and against Third Party Defendant Guerrero for all sums adjudged against BOH in favor of Plaintiff, for an award of attorneys' fees and costs against Third Party Defendant Guerrero and for such other and further relief as the Court deems just and equitable in the premises.

///

///

///

1

CARLSMITH BALL LLP

2

3   DATED: Saipan, MP, October 25, 2007.        */s/ John D. Osborn*
                                                JOHN D. OSBORN
4                                               Attorneys for Defendant and
                                                Third Party Plaintiff, Bank of Hawaii
5

6

7                               **JURY DEMAND**

8
        Defendant and Third Party Plaintiff Bank of Hawaii demands trial by jury on all issues so
9
triable.
10

11                      _____*/s/ John D. Osborn*_____
                            John D. Osborn, Attorney for
12                        Defendant and Third Party Plaintiff
                                    Bank of Hawaii
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28