CARLSMITH BALL LLP

JOHN D. OSBORN
SEAN E. FRINK
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendant
Bank of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF DOUGLAS F. CUSHNIE, a sole proprietorship, and DOUGLAS F. CUSHNIE, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF HAWAII, and MARY ROE and JOHN DOE,<br><br>Defendants. | CIVIL ACTION NO. 07-0020<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER<br><br>Hearing: August 26, 2008<br>Time: 8:30 a.m.<br>Judge: Honorable Alex R. Munson |

<u>BANK OF HAWAII'S MEMORANDUM
IN SUPPORT OF IT'S MOTION FOR A PROTECTIVE ORDER</u>

Defendant Bank of Hawaii asks the court to protect it from plaintiffs' requests for information that is not statutorily discoverable pursuant to 31 USC Section 5318(g) regarding suspicious activity reports ("SAR's") and related information.

I. Introduction

A. On May 14, 2008, Plaintiffs served the attached *Plaintiff's Interrogatories and Request for Production of Documents to Defendant* (exhibits excluded) on Defendant. Plaintiff's discovery request contained the following objectionable requests, among others.

REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide all communications by and between all officers, employees, and agents of the bank concerning or related to the allegations in this amended complaint.

2. Please provide all documents relating to inquiries or any investigation authorized, conducted, or permitted by the bank or its agents regarding the allegations contained in this amended complaint.

3. Please provide all documents relating to inquiries or any investigation authorized, conducted or permitted by the bank or its agents regarding your answer to this complaint including both denials of plaintiffs' allegations and your affirmative defenses.

4. Please provide all documents and communications by and between the bank and any third party or non party concerning or related to the allegations contained in or facts surrounding the amended complaint.

*Plaintiff's Interrogatories and Request for Production of Documents to Defendant,* pp. 10-11.

B. Bank of Hawaii conferred in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 26(c) and as shown in the attached certificate of conference, but was unable to resolve the dispute.

C. Bank of Hawaii refused to disclose any such requested information in its discovery response, citing (31 U.S.C. § 5318(g) of the *1992 Annunzio-Wylie Anti-Money Laundering Act*), related regulations (12 C.F.R. § 21.11(k) and 31 C.F.R. § 103.18(e), among other reasons. In its discovery response Bank of Hawaii also directed plaintiffs to applicable caselaw, which indicates that the prohibition against disclosure of SAR's includes draft SAR's, the SAR's themselves, any communication concerning a SAR, and documents and communications prepared by a bank for the purpose of investigating or drafting a possible SAR. *Union Bank of California v. The Superior Court,* 130 Cal.App.4th 378, 394, 29 Cal.Rptr.3d 894, 904 (Cal. App. 2005), and that the statute and regulations "create an unqualified discovery and evidentiary privilege that courts have held cannot be waived." *Whitney National Bank v. Karam,* 306 F.Supp.2d 678, 682 (S.D. Tex. 2004).

## II. Argument

A.   The court has broad discretion to protect a party with a protective order on a showing of good cause. See Fed. R. Civ. P. 26(c); *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 2001). To determine good cause, the court must weigh the movant's privacy interests in the information and its burden of producing the information against the right of the nonmovant and the public to obtain the information. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S.Ct. 2199, 2208-09 (1984).

B.   Bank of Hawaii asks the court to exercise its discretion and grant a protective order because Plaintiffs'' request information that is exempt from discovery. Specifically:

   1.   Defendant is prohibited by federal law (31 U.S.C. § 5318(g) of the *1992 Annunzio-Wylie Anti-Money Laundering Act*) and related regulations (12 C.F.R. § 21.11(k) and 31 C.F.R. § 103.18(e)) from producing SAR's or any information indicating that a SAR has been prepared or filed. By making this motion Defendant does not admit that a SAR or SAR related information related to plaintiffs exist.

   2.   The prohibition includes draft SAR's, the SAR's themselves, any communication concerning a SAR, and documents and communications prepared by a bank for the purpose of investigating or drafting a possible SAR. *Union Bank of California v. The Superior Court,* 130 Cal.App.4th 378, 394, 29 Cal.Rptr.3d 894, 904 (Cal. App. 2005).

   3.   The statute and regulations "create an unqualified discovery and evidentiary privilege that courts have held cannot be waived." *Whitney National Bank v. Karam*, 306 F.Supp.2d 678, 682 (S.D. Tex. 2004).

   4.   Defendant, therefore, is prohibited by law from disclosing to plaintiff in this lawsuit any information or documents concerning draft SAR's, the SAR's themselves, any

communication concerning a SAR, and documents and communications prepared by a bank for the purpose of investigating or drafting a possible SAR if, in fact, any such information or documents exist.

### III. Conclusion

Defendant is prohibited by law from disclosing draft SAR's, the SAR's themselves, any communication concerning a SAR, and documents and communications prepared by a bank for the purpose of investigating or drafting a possible SAR. For these reasons, Defendant asks the court to issue an order protecting denying the requested discovery and prohibiting Defendant from disclosing draft SAR's, the SAR's themselves, any communication concerning a SAR, and documents and communications prepared by a bank for the purpose of investigating or drafting a possible SAR.

CARLSMITH BALL LLP

Dated: July 22, 2008.

/s/
SEAN E. FRINK [F0212]
Attorneys for Defendant
Bank of Hawaii

Douglas F. Cushnie
P.O. Box 500949
Saipan MP 96950
Telephone: (670) 234-6830
Facsimile: (670) 234-9723
E mail: abogados@pticom.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF ) <br> ) <br> DOUGLAS F. CUSHNIE, ) <br> a sole proprietorship, and ) <br> DOUGLAS F. CUSHNIE, ) <br> individually, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANK OF HAWAII, and ) <br> MARY ROE and JOHN DOE, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NO. 07-0020 <br><br> PLAINTIFF'S INTERROGATORIES <br> and REQUEST FOR PRODUCTION <br> OF DOCUMENTS TO DEFENDANT |

TO: BANK OF HAWAII and ITS ATTORNEY OF RECORD.

Plaintiffs, Law Office of Douglas F. Cushnie, and Douglas F. Cushnie, individually, pursuant to Rules 33 and 34 Federal Rules of Civil Procedure, requests that defendant respond to this First Set of Interrogatories and Request For Production Of Documents. Your response should be in writing and served upon the Law Office of Douglas F. Cushnie, Paras Lane, San Vicente, Saipan, C.N.M.I. within thirty (30) days of service of this request upon you.

## INSTRUCTIONS

1. This discovery request is deemed to be continuing. If you or your attorneys obtain additional information as to any of the matters inquired of herein between the time your response to this request is prepared and the date of trial, you and your attorneys are under a duty to supplement your responses containing the newly discovered information.

2. If in responding to these discovery requests you encounter any ambiguity or lack of clarity in any request, instruction or definition, set forth the matter deemed ambiguous or unclear and the construction used in responding. If you fail to do so it will be assumed that the request, instruction or definition at issue is clearly understood.

3. In responding to these discovery requests you must make a diligent search of your records and other documents in your possession or available to you, including information which is in the possession of your attorneys, investigators, employees, representatives and agents. This includes information and documents that may be outside of the Commonwealth of the Northern Mariana Islands.

4. If an interrogatory or document request has sub-parts, respond to each part separately and in full so that your response is understandable.

5. Each written response shall state, with respect to each item or category, that inspection or production will be permitted as requested, unless the request is objected to. In such event the basis for the objection shall be set forth. If the objection is made to a part of any request, the basis of the objection to that part shall be set forth and the information requested in the remainder of the inquiry provided.

6. When you are asked to state the facts relating to an allegation in the complaint, answer or other pleading, describe the relevant facts including the date, time and specific location of each occurrence, and identify each and every person who is a witness and any related documents.

7. If you are unable to answer or respond to any request in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder, and specify if possible those persons or documents that may be able to respond to the unanswered portion.

8. Throughout these requests, including the definition of terms, words used in the singular include the plural. Whenever the word "or" appears herein, the meaning intended is the logical inclusive "or", i.e. "and/or", not the exclusive "or". Whenever the word "each" appears herein, the meaning intended is "each and every".

9. For each response to this request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

    (a)    The number and subject of each paragraph of this request that seeks its production;

    (b)    The name and title of the author;

    (c)    The name and title of each person to whom the document was addressed;

    (d)    The name and title of each person to whom the document was

addressed;

(e) The date of the document;

(f) The number of pages;

(g) A brief description of the nature and subject matter of the document;

(h) The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

(i) The exact location of the original and each copy as of the date of receipt of this request;

(j) If the document is withheld on any ground other than privilege, state each basis that you contend justifies its withholding.

10. For purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

11. When you are asked to identify a person, provide all the following information known to you:

(a) Full name;

(b) Person's current employer, or if self-employed the name of the person's business.

(c) Current job title;

(d) Current business address;

(e) Current residential address.

12. When you are asked to identify a document, provide all the following information known to you:

    (a)    Date it was prepared;

    (b)    Identities of its preparers;

    (c)    Identities of its recipients;

    (d)    Current location and custodian;

    (e)    Description of its contents, sufficient for a request to produce.

13. When answering an interrogatory, identify each document relied upon which forms a basis for any answer given or which corroborates the answer given or the substance of what is given in answer to the interrogatory.

14. When discovery requests propounded are answered by officers, employees, servants, agents, and attorneys of the person from whom discovery is sought, who are cognizant of the facts and documents requested, then identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing answers to these discovery requests.

15. When answering a request, you must state whether the information furnished is within the person knowledge of the person answering and, if not, the identity, if known, of each person for whom the information is a matter of personal knowledge.

16. Where source of information is requested, such request includes the source of information of the party subject to this request as well as its officers, agents, employees and attorneys. If more than one person is listed in answer to an interrogatory, each

subsequent answer must identify which person supplied that answer and all persons so listed must sign the answers under oath.

17. If any of the discovery requests cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

18. Documents and communications shall include all those created, relating to, or in effect during the period beginning January 1, 2003 and continuing through the course of this civil action.

## DEFINITIONS

1. "Document" is defined as and shall mean, (in addition to any items specifically requested herein) all manner of written, reproduced, recorded or stored matter (in writing, mechanically, photographically, or electronically) including but not limited to, all photographs, letters, notes, correspondence, files, books, records, memoranda, contracts, agreements, orders, invoices, billings, statements of indebtedness, agenda transcriptions, telegrams, telex and TWX messages, fax messages, e mails, summaries, diaries, calendars, notebooks, charts, logs, plans, drawings, computer printouts, minutes or records of meetings in conferences, lists, drafts and notations, records and copies thereof. To the extent that a writing or document differs from other copies or originals of the same document by reason of notations, comments, deletions, markings or other differences, said writing or document shall be deemed a separate document.

2. "You" and "Your" include the person(s) to whom these requests are addressed, and all of such person's predecessors, successors, assigns, agents, employees, attorneys, and insurance companies, and each of them, and all other persons acting or purporting to act on behalf of plaintiff.

3. "Person" includes any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

4. "Writing" means handwriting, typewriting, word processing, printing, photostating, photographing, microfilming and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols or any combination thereof.

5. "Relating", "Relative To" or "Related To", includes referring to, alluding to, responding to, concerning, connected, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

6. "Relevant" is defined under the Federal Rules of Evidence and that definition is incorporated herein.

7. "Communication" means the transmission, interchange, or exchange of thoughts, ideas, messages or information, by speech, signals, writing, code, satellite, computer, letter (or other form of correspondence), memoranda, telecopy, telex, e-mail, telephone, telegram, voice mail, face-to-face communications, or any other mode or method of transmission regardless of format. Under this definition, "Communication"

may have been contained, obtained or transmitted in any format, including but not limited to any document as defined herein or any subpart or portion thereof.

8. "Explain" or "Describe" means to give in detail in your answer a full response as to all of the components of your answer including why, when, where, who, and how.

9. "Evidencing" means supporting a factual contention. "Evidencing" also means related to" or "concerning".

10. "This action" means civil action no. 07-0020, pending in the United States District Court for the Northern Mariana Islands.

11. "Bank of Hawaii" and "bank" refer to the defendant in this action.

12. "Check", in the context of this discovery request means those checks attached to this request, identified as follows:

    A. Checks issued by the Superior Court of the Commonwealth of the Northern Mariana Islands to Douglas F. Cushnie Law Office, drawn on the Bank of Guam, numbered 11864, 11894, 11992, 12037, 12110, 12144, 12182, and 12212.

    B. Check issued by Ahpw, Inc., drawn on the Bank of Guam, numbered 321,

    C. Check issued by Maxie, Rheinheimer, Stephens and Vrevich, drawn on First National Bank, numbered 3115.

    D. Checks issued by Emerenciana P. Palican, drawn on the Bank of Guam, numbered 121, 145, 199, 204, 236, 250, 177, and 188.

    E. Checks issued by the Commonwealth Ports Authority, drawn on the Bank

of Guam, numbered 33508, 33451, 33727, 34989, 35158, 35343, 35483, 35631, 35744, 35943, 36117, 36286, 36435, 36669, 36883, 37067, 37206, 37371, 37509, 37699, 37859, 38067, 38223, 38391, 38596, 38763, 38890, 39111, 39274, 39462, 39603, 39820, 39935, 40168, 40319, 40472, 40785, 40968, and 41127.

## INTERROGATORIES

1. Please state the names of all Bank of Hawaii employees, officers and agents who processed, negotiated, reviewed, or approved the checks presented by third party defendant Lucy M. Guerrero that contain a purported endorsement from plaintiffs.

2. With respect to each check negotiated, state the names of each Bank of Hawaii employee, officer or agent who received, approved or was in any way involved in the processing of such check.

3. Please state whether any bank employees, officers or agents have been interviewed regarding the allegations in this complaint.

4. If your answer to the preceding interrogatory is in the affirmative, please state:

    a. The name of each employee interviewed.

    b. The date, time and place of the interview

    c. The name of each interviewer and the professional, personal or employment relationship of the interviewer to the defendant.

    d. The name of each person interviewed currently employed by defendant.

    e. The name, address, or other contact method of each person interviewed who is not now employed by the defendant.

5. Please state the facts supporting the allegations contained in paragraph 3 of your further answer asserting that plaintiff's damages were due to plaintiff's contributory negligence or comparative fault.

6. Please state the facts supporting the allegations contained in paragraph 4 of your further answer that any damage sustained by plaintiffs was due to the acts or omissions of others.

7. Please state the facts supporting the allegations contained in paragraph 5 of your further answer, responding to each listed affirmative defense relied upon.

8. Please state the facts which may be in addition to those set forth in response to interrogatories 5, 6, and 7, above, that support the allegations contained in paragraph 7 of your further answer.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please provide all communications by and between all officers, employees, and agents of the bank concerning or related to the allegations in this amended complaint.

2. Please provide all documents relating to inquiries or any investigation authorized, conducted, or permitted by the bank or its agents regarding the allegations contained in this amended complaint.

3. Please provide all documents relating to inquiries or any investigation authorized, conducted or permitted by the bank or its agents regarding your answer to this complaint including both denials of plaintiffs' allegations and your affirmative defenses.

4. Please provide all documents and communications by and between the bank and

any third party or non party concerning or related to the allegations contained in or facts surrounding the amended complaint.

5. Please provide all communications by and between the bank and the third party defendant, other than those previously filed with the court and served upon plaintiffs.

6. Please provide all documents including rules regulations, policies, and standards, either created by the bank, or any banking association, state or federal agency related to bank operations involving the processing of checks, verifications of signatures and endorsements, and negotiating third party checks.

7. Please provide all communications you have had with plaintiffs regarding negotiating of checks drawn on plaintiffs' accounts.

8. Please provide all signature cards provided by plaintiffs to the bank.

9. Please provide all deposit slips or other documents which authorized or permitted the negotiation of the checks.

10. Please produce any documents in which plaintiffs authorized third party defendant to negotiate checks with plaintiffs as payee.

Dated this 13th day of May, 2008.

DOUGLAS F. CUSHNIE
Attorney For Plaintiffs

_____/s/_____
DOUGLAS F. CUSHNIE   F108