CARLSMITH BALL LLP

JOHN D. OSBORN
SEAN E. FRINK
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP  96950-5241
Tel No. 670.322.3455

Attorneys for Defendant and
Third-Party Plaintiff, Bank of Hawaii

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF<br><br>DOUGLAS F. CUSHNIE,<br>a sole proprietorship, and<br>DOUGLAS F. CUSHNIE,<br>individually,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BANK OF HAWAII, and<br>MARY ROE and JOHN DOE,<br><br>　　　　Defendants. | CIVIL ACTION NO. 07-0020<br><br><br>REPLY OF DEFENDANT AND THIRD PARTY PLAINTIFF BANK OF HAWAII TO PLAINTIFFS' OPPOSITION TO MOTION FOR PROTECTIVE ORDER<br><br>Date:　　　August 26, 2008<br>Time:　　　8:30 a.m.<br>Judge:　　Alex R. Munson |
| BANK OF HAWAII,<br><br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>LUCY M. DL GUERRERO,<br><br>　　　　Third-Party Defendant. | |

4846-9232-1538.2.010028-02734

Comes now the Defendant and Third Party Plaintiff Bank of Hawaii ("Bank") and files its Reply to the Opposition of Plaintiffs to Bank's Motion for a Protective Order.

In their Opposition Plaintiffs ask the Court to disregard the provisions of 31 U.S.C. §5318(g), 12 C.F.R. §21.11(k), 31 C.F.R. §103.18(e) and the clear pronouncements of controlling case law that preclude a financial institution from providing information and documentation in response to discovery requests it is clearly prohibited from disclosing.

**STATUTE AND REGULATIONS**

So that there is no misunderstanding of the statutory and regulatory authority which prohibits a financial institution from disclosing the information and documentation requested by Plaintiffs, set out below is the applicable statute and regulations:

**31 U.S.C. §5318(g)**:

> **(2) Notification prohibited** --
>
> **(A) In general**. -- If a financial institution or any director, officer, employee, or agent of any financial institution, voluntarily or pursuant to this section or any other authority, reports a suspicious transaction to a government agency --
>
>> **(i)** the financial institution, director, employee, or agent may not notify any person involved in the transaction that the transaction has been reported; and
>>
>> **(ii)** no officer or employee of the Federal Government or of any State, local, tribal, or territorial government within the United States, who has any knowledge that such report was made may disclose to any person involved in the transaction that the transaction has been reported, other than as necessary to fulfill the official duties of such officer or employee.

**12 C.F.R. §21.11(k)**:

> (k) Confidentiality of SARs. SARS are confidential.  Any national bank or person subpoenaed or otherwise requested to disclose a SAR or the information contained in a SAR shall decline to produce the SAR or to provide any information that would disclose that a SAR has been prepared or filed, citing this section, applicable law (e.g., 31 U.S.C. 5318(g)), or both, and shall notify the OCC.

**31 C.F.R. §103.18(e)**:

> (e) Confidentiality of reports; limitation of liability.  No bank or other financial institution, and no director, officer, employee, or agent of any bank or other financial

1  institution, who reports a suspicious transaction under this part, may notify any person involved in the transaction that the transaction has been reported.  Thus, any person subpoenaed or otherwise requested to disclose a SAR or the information contained in a SAR, except where such disclosure is requested by FinCEN or an appropriate law enforcement or bank supervisory agency, shall decline to produce the SAR or to provide any information that would disclose that a SAR has been prepared or filed, citing this paragraph (e) and 31 U.S.C. 5318(g)(2), and shall notify FinCEN of any such request and its response thereto.  A bank, and any director, officer, employee, or agent of such bank, that makes a report pursuant to this section (whether such report is required by this section or is made voluntarily) shall be protected from liability for any disclosure contained in, or for failure to disclose the fact of such report, or both, to the full extent provided by 31 U.S.C. 5318(g)(3).

## **KNOWN OR SUSPECTED VIOLATION**

In the Opposition Plaintiffs refer to regulations[1] and make the following statement:

"Taking the regulations first, they state in several sections quoted above, that a SAR must be filed where there is a Federal criminal violation." (Opposition at page 4.)

This statement is not accurate as the cited regulation reporting requirements go to <u>known or suspected</u> violations of Federal law <u>or</u> a suspicious transaction related to a money laundering activity <u>or</u> a violation of the Bank Secrecy Act.  12 C.F.R. §21.11(c) requires a SAR in the following situations:

    1.    Insider abuse involving any amount;

    2.    Violations aggregating $5,000 or more where a suspect can be identified;

    3.    Violations aggregating $25,000 or more regardless of possible suspects; and

    4.    Transactions aggregating $5,000 or more that involves potential money laundering or violate the Bank Secrecy Act.

31 C.F.R. §103.18 requires a report of any suspicious transaction relevant to a possible violation of law or regulation.

---

[1] It is assumed Plaintiffs are referring to 12 C.F.R. §211.11(k) and 31 C.F.R. §103.18(g).

4846-9232-1538.2.010028-02734  -3.-

Plaintiffs attempt to create a requirement that a financial institution identify a federal criminal violation for the SAR statute and regulations to be applicable:

> "Unless the Defendant points to a Federal criminal violation it has a duty to report, the statute and regulations should not apply." (Opposition at page 4.)

The statute and regulations make no such requirement and case law doesn't create such a requirement. Plaintiffs go on to state, without any support, that by invoking the statute and regulations the Bank is "either trying to avoid its negligence, or alternatively the deliberate conduct of its employees." This statement misses the point. The law simply is that a financial institution is precluded by statute and regulation from providing or disclosing the information regarding a SAR or SAR related information.

## DISCLOSURE NOT LIMITED TO "ANY PERSON INVOLVED IN THE TRANSACTION"

Plaintiffs seem to take the position since they allege they had no knowledge of the transaction and were not involved in check processing, paying or receiving funds that they are not "involved" as that term may be applied to the statutory restriction on disclosure of a SAR to "any person involved in the transaction." Plaintiffs take too narrow a view of the phrase " any person involved in the transaction." The statute should be broadly interpreted to be consistent with the purpose and policy for non-disclosure which is as stated in *Cotton v. PrivateBank and Trust Co.,* 235 F.Supp. 2d 809, 815 (2002):

> Permitting the release of any SAR through civil discovery could harm the law enforcement interests the Act was intended to promote. Release of a SAR could compromise an ongoing law enforcement investigation, tip off a criminal wishing to evade detection, or reveal the methods by which banks are able to detect suspicious activity. Furthermore, banks may be reluctant to prepare a SAR if it believes that its cooperation may cause its customers to retaliate. Moreover, the disclosure of a SAR may harm the privacy interests of innocent people whose names may be contained therein.

In *Weil v. Long Island Savings Bank*, 195 F.Supp. 2d 383, 389 (2001), it was noted that U.S.C. §5318(g)(2) does not make any mention of whether an institution can reveal SAR

information to persons other than those involved in the transaction and that the statute was insufficiently specific on that point. The Court noted that in the case of *In Re Mezvinsky*, 2000 Banks.Lexis 1067 (Banks. E.D. Pa. Sept. 7, 2000) a similar argument was made and rejected; *Mezvinsky* had argued the information should be provided because he was not "a person involved in the transaction. The *Weil* court in referring to the *Mezvinsky* decision said:

> The Court rejected his reasoning, finding that the "natural consequences of [the movant's] argument if accepted would be to hold [the confidentiality regulation] invalid based on a notion that the regulation is beyond the scope of or inconsistent with 31 U.S.C. §5318(g)(2)." *Id.* at 389.

Further as to Plaintiffs' argument that the restriction on disclosure is limited to "any person involved in the transaction", the Court's attention is directed to 12 C.F.R. §21.11(k) which states:

> (k) Confidentiality of SARs. SARS are confidential. Any national bank or person subpoenaed or otherwise requested to disclose a SAR or the information contained in a SAR shall decline to produce the SAR or to provide any information that would disclose that a SAR has been prepared or filed, citing this section, applicable law (e.g., 31 U.S.C. 531(g)), or both, and shall notify the OCC.

Additional case authority supporting the prohibition against disclosure to anyone, not just "any person involved in the transaction" is as follows:

1.   *Cotton V. PrivateBank and Trust Co.,* 235 F.Supp. 809, 815 (2002)

In the *Cotton* case, Defendant PrivateBank argued that the statute prohibits disclosure only to "any person involved in the transaction" and that the applicable regulation was inconsistent with the statute and therefore unenforceable. The Court said:

> This issue has been addressed, and it has been held that "[f]ederal regulations should be adhered to and given full force and effect of law whenever possible." (citations omitted.) "[I]n order to be valid [regulations] must be consistent with the statute under which they are promulgated." (citation omitted.) 12 C.F.R. §21.11(k) has been held to be valid and consistent with U.S.C. §5318(g)(2). (citation omitted). This Court agrees.

2.   *Gregory v. Bank One, Indiana, N.A.,* 200 F.Supp. 2d 1000, 1002 (2002).

Referring to 12 C.F.R. §211.11(k) and 31 U.S.C. §5218(g)(2) the Court said:

> The Rule is narrower than the Act in its application but broader in its prohibition. It requires confidentiality only of SARs and their contents, not of other reports of suspicious activity, but it forbids all disclosures of SARs, <u>not just disclosures to involved persons</u>. (regulation omitted.) The Rule has been found to be consistent with the statute. (citation omitted.) The Act and the Rule thus create an unqualified discovery and evidentiary privilege that cannot be waived by the reporting financial institution. (emphasis supplied.)

## **PLAINTIFFS' REQUESTS ARE NOT DISCOVERABLE**

As the statute and regulations apply to disclosure in response to a discovery request, the case authority is clear that the discovery rules of the Federal Rule of Civil Procedure do not supersede the non-disclosure requirements of the statute and regulations.

As to disclosure in discovery the *Weil* case stated:

> Based on the language of the regulation, the relevant case law, and the legislative history, this court holds that 12 C.F.R. §563.180(d) (12) prohibits disclosure of SARs or their content, even in the context of discovery in a civil lawsuit, and that the enabling legislation is specific enough to support that purpose. Supporting documentation, on the other land, is discoverable. *Weil* at 389.

In *Cotton v. PrivateBank and Trust Co.,* 235 F.Supp. 2d 809, 814, (2002) the court cited *Weil* with approval:

> The court in *Weil v. Long Island Savings Bank* held that 12 C.F.R. §563.18(d)(12) prohibits disclosure of SARs or their content, even in the context of discovery in a civil lawsuit, however supporting documentation is discoverable (citation omitted.) The court further held that the confidentiality privilege created by the act and the regulations is not qualified and is not subject to waiver by the financial institution. *Id.* This Court agrees.

See also *Whitney National Bank v. Karom*, 306 F.Supp. 2d 678, 682 (2004) (Title 31 U.S.C. §5318(g), as implemented by 12 C.F.R. §21.11(k), creates an unqualified <u>discovery</u> and evidentiary privilege that courts have held cannot be waived (emphasis supplied.))

Finally, the Court's attention is directed to *Union Bank of California, N.A. v. Superior Court*, 130 Cal.App. 4th 378, 390, 29 Cal Rptr. 3d 894, 901 (2005) which involved issues related to SAR disclosure in response to discovery requests. In addressing the issues the court stated:

> The regulations also provide that "SARs are confidential," specifying that any "national bank or person subpoenaed or otherwise requested to disclose a SAR or the information contained in a SAR shall decline to produce the SAR or (to

4846-9232-1538.2.010028-02734         -6.-

provide any information that would disclose that a SAR has been prepared or filed…." ) (12 C.F.R. §211.11(k) (2005). (italics added.)  Thus, the prohibition against disclosing a SAR protects from discovery not just the SAR and its contents, but also information that would disclose preparation of a SAR. (citation omitted.)  The federal statute, 31 U.S.C. §5318(g), as implemented by regulation, 12 C.F.R. §211.11(k), "creates an unqualified discovery and evidentiary privilege that courts have held cannot be waived." (citation omitted.)

The Court's opinion went on to state that "while the regulation prohibits disclosure of SARs and their contents, courts have uniformly held that "supporting documentation" underlying a SAR that is generated or received in the ordinary course of a bank's business is discoverable." Following *Cotton,* the Court identified two types of supporting documents:

1. Factual documents which give rise to suspicious conduct; these are discoverable.

2. Drafts of SAR's or other work product or privileged communication that relate to the SAR itself; these are not to be produced.

The court stated:

> Thus, transactional and account documents such as wire transfers, statements, checks, and deposit slips are the types of documents generated in the ordinary course of business that are subject to discovery.  Such documents would be prepared regardless of whether a financial institution has an obligation to report suspicious activity to the federal government.
>
> By contrast, a draft SAR or internal memorandum prepared as part of a financial institution's process for complying with federal reporting requirements is generated for the specific purpose of fulfilling the institution's reporting obligation.  These types of documents fall within the scope of the SAR privilege because they may reveal the contents of a SAR and disclose whether "a SAR has been prepared or filed." (12 C.F.R. §21.11(k) (2005).)  Unlike transactional documents, which are *evidence* of suspicious conduct, draft SARs and other internal memoranda or forms that are part of the process of filing SAR's are created to *report* suspicious conduct. (italics in opinion.) *Id.* at 391.

The Court concluded that internal reports or memoranda regarding suspicious activity may be part of the federal compliance procedure and are not discoverable and that it is immaterial whether these documents were provided to federal authorities.  The Court held the SAR privilege extended to documents prepared for the purpose of investigating or drafting a

possible SAR. *Id.* at 394.  This privilege also extends to memos and e-mails.

The bottom line of the *Union Bank* case is that any SAR report, drafts of SAR report, any documentation, including internal reports, memoranda, e-mail and similar documents prepared in the course of compliance with federal reporting requirements, are prohibited from disclosure in response to a discovery request.

## **CONCLUSION**

The applicable statute and regulations as well as controlling caselaw prohibits the disclosure by a financial institution of any information or documents concerning SARs, draft SARs, communications concerning a SAR, or whether a SAR or SAR related documentation even exists.  The prohibition is an unqualified discovery and evidentiary privilege which cannot be waived and it extends to the Plaintiffs.

Based on the authorities and arguments presented, Bank of Hawaii moves the Court for issuance of the Protective Order as requested.

CARLSMITH BALL LLP

DATED: Saipan, MP, August 14, 2008.  */s/ John D. Osborn*
JOHN D. OSBORN
SEAN E. FRINK
Attorneys for Defendant and
Third Party Plaintiff, Bank of Hawaii