FILED
Clerk
District Court

AUG 26 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LAW OFFICE OF DOUGLAS F. CUSHNIE, a sole proprietorship, and DOUGLAS F. CUSHNIE, individually, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF HAWAII, MARY ROE, and JOHN DOE, <br><br> Defendants. _____/ | Civil Action No. 07-0020 <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |

THIS MATTER came before the Court on August 26, 2008 at 8:30 am for hearing of Defendant Bank of Hawaii's Motion for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Defendant appeared by and through its attorney John D. Osborn. Plaintiffs did not appear. Having carefully reviewed the parties' briefs and the relevant legal authority, the Court hereby GRANTS the motion.

The instant complaint alleges that an employee of Plaintiff Mr. Douglas F. Cushnie fraudulently cashed Mr. Cushnie's checks over a period of three years and stole over $250,000. Mr. Cushnie alleges that Defendants are at fault for the loss because they negligently allowed the transactions without Mr. Cushnie's authorization. Mr. Cushnie has requested discovery of information regarding communications concerning or related to the allegations in the complaint and any investigations into the allegations in the complaint. (*See* mot. at 2.) Defendants seek a protective order regarding the request because federal law prohibits the production of any

AO 72
(Rev. 08/82)

information regarding or relating to "Suspicious Activity Reports" ("SARs").

Federal law requires financial institutions to report known or suspected federal criminal violations arising out of suspicious transactions – SARs. In addition, federal law explicitly prohibits financial institutions from disclosing *any* information pertaining to SARs including information regarding investigations into the possibility of filing SARs, the contents of SARs, or even information arising after the filing of SARs. 31 U.S.C. § 5318(g); *see Whitney Nat'l Bank v. Karam*, 306 F. Supp. 2d. 678, 681 (S.D. Tex. 2004) (section 5318 "was amended expressly to prohibit a financial institution from disclosing the existence of SARs . . . ."); 12 C.F.R. § 21.11(k) ("SARs are confidential. Any national bank or person subpoenaed or otherwise requested to disclose a SAR or the information contained in a SAR *shall decline to produce the SAR or to provide any information that would disclose that a SAR has been prepared or filed, . . . .*" (emphasis added)); 31 C.F.R. § 103.18(e) ("No bank or other financial institution, . . . who reports a suspicious transaction under this part, may notify any person involved in the transaction that the transaction has been reported. . . .").

When a lawsuit is filed against a bank, the bank must of course disclose documents produced in the ordinary course of business pertaining to the activity relevant to the complaint, as required by the Federal Rules. *Whitney Nat'l Bank*, 306 F. Supp. 2d. at 682–83. However, the bank "*may not* produce documents or information that could reveal whether a SAR or other report of suspected or possible violations has been prepared or filed or what it might contain, or the discussions leading up to or following the preparation of filing of a SAR or other form of report of suspected or possible violations." *Id.* (emphasis added); *see Union Bank of California, N.A. v. Superior Court*, 29 Cal. Rptr. 3d 894, 902 (Cal. Ct. App. 2005) ("factual documents which give rise to suspicious conduct . . . are to be produced in the ordinary course of discovery because they are business records made in the ordinary course of business [while] documents representing drafts of SARs or other work product or privileged communications that relate to the SAR itself . . . are not to be produced because they would disclose whether a SAR has been

1 | prepared or filed.").

2 |     Here, Mr. Cushnie's discovery requests do not directly ask for any information relating to SARs. However, they do ask for any information relating to the allegations in the complaint. The crux of the complaint is that Mr. Cushnie's employee engaged in fraudulent activities which are unquestionably "suspicious activities." Because Defendants are precluded by federal law from producing *any* evidence pertaining to any SARs or potential SARs that may or may not have been filed, the motion is GRANTED with respect to any such information. However, insofar as any of the requested information is not related to the filing of SARs or does not infer the filing or investigation into the filing of SARs, Defendants must produce relevant discovery regarding the allegations in the complaint.

    Accordingly, the motion is GRANTED.

**IT IS SO ORDERED.**

**Dated:**      **August 26, 2008**

                                              **ALEX R. MUNSON**
                                              **UNITED STATES DISTRICT JUDGE**